UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADAM BAUER,

                        Plaintiff,                    Docket No. 9:22-CV-01007
                                                                      (GLS/ML)

    -against-

                                                                            **ANSWER**

ANTONIO IODICE, et al.,
                                                                            **Jury Trial Demanded**

                        Defendants.
------------------------------------------------------------X

Defendants, Iodice, McNaney, Anzalone, and Zeina (collectively "Answering Defendants"), by their attorney, Letitia James, Attorney General of the State of New York, Anthony R. Huntley, Assistant Attorney General, of counsel, answer the Complaint of Plaintiff, Adam Bauer, (Dkt. No. 1) as follows:

    1.      Deny each and every allegation contained in the Complaint that alleges or tends to allege that the challenged actions of the Defendants were in any way contrary to constitutional, statutory, regulatory, or case law and deny that Plaintiff is entitled to the relief he seeks in his prayer for relief.

    2.      Paragraph 1 of the Complaint is introductory and therefore, no response is required. To the extent the Court requires a response, deny that the defendants have violated plaintiff's rights in any way and refer all questions of law to the Court.

    3.      Deny the allegations contained in paragraphs 2, 3, 4, 5, 6, and 7 of the Complaint.

    4.      Paragraph 8 of the Complaint is a statement of jurisdiction to which no response is required. To the extent the Court requires a response, deny that defendants have violated plaintiff's rights in any way and refer all questions of law to the Court.

5. As to paragraph 9 of the Complaint, defendants admit that, at all times relevant, Plaintiff was an incarcerated individual in the care and custody of the New York State Department of Corrections and Community Supervision ("DOCCS").

6. As to paragraph 10 of the Complaint, defendants admit that at all times relevant plaintiff was an incarcerated individual in DOCCS custody at Marcy Correctional Facility. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

7. As to paragraphs 11, 12, 13, 14, and 15 of the Compliant, defendants admit only that, at all times relevant, they were employed by DOCCS.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 16, 17, 18, and 19 of the Complaint.

9. Deny the allegations contained in paragraph "I" on page 5 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 20 and 21 of the Complaint.

11. Deny the allegations asserted in paragraphs 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, and 45 of the Complaint.

12. Deny the allegations in paragraph "II," of the Complaint.

13. Deny the allegations contained in paragraphs 46, 47, 48, 49, 50, 51, 52, and 53 of the Complaint.

14. As to paragraph 54 of the Complaint, defendants admit, only that, this is a picture of the plaintiff (in figure 1) and deny the remaining allegations therein.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 55, 56, 57, and 58 of the Complaint.

16. Deny the allegations contained in paragraphs 59 and 60 of the Complaint.

17. Deny the allegations contained in paragraph "III," of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, and 80 of the Complaint.

19. Deny the allegations contained in the paragraph entitled "IV," of the Complaint.

20. Deny the allegations contained in paragraphs 81, 82, 83, 84, and 85 of the Complaint.

21. Admit paragraphs 86, 87, 88, 89, 90, and 91 of the Complaint.

22. Deny the allegations contained in paragraphs 92 and 93.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 94, 95, 96, 97, 98, 99, and 100 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph entitled "V," of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 101,102,103, and 104 of the Complaint.

26. Deny the allegations contained in paragraph "VI," of the Complaint.

27. Deny the allegations contained in paragraph 105 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint.

29. Deny the allegations contained in paragraphs 107, 108, and 109 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 110 and 111 of the Complaint.

31. Deny the allegations contained in paragraph 112 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 113 and 114 of the Complaint.

33. Deny the allegations contained in paragraph 115 of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 116 and 117 of the Complaint.

35. Deny the allegations contained in paragraphs 118, 119, 120, 121, 122, 123, and 124 of the Complaint.

36. Deny that plaintiff has stated a cause of action or that he is entitled to any form of relief in this action.

37. Deny all allegations of the Complaint not specifically responded to above.

## Affirmative Defenses

38. The Complaint fails to state a claim upon which relief can be granted.

39. At all relevant times the Answering Defendants acted under the reasonable belief that their conduct was in accordance with clearly established law. They are, therefore, protected under the doctrine of qualified immunity.

40. To the extent that plaintiff has previously litigated any of the claims alleged in the complaint in federal or state court, the Complaint is barred, at least in part, under principles of *res judicata* and collateral estoppel.

41. To the extent plaintiff raises state law claims, they are barred by section 24 of the Correction Law, by the Eleventh Amendment, and by other state law.

42. To the extent plaintiff seeks relief for any event described in the Complaint occurring more than three years prior to the filing of the Complaint, the Complaint is barred by the applicable statute of limitations.

43. To the extent defendants were not personally involved in the alleged constitutional or statutory violations, they are therefore not liable under 42 U.S.C. § 1983. The doctrine of *respondeat superior* does not apply in civil rights cases, and the Complaint should therefore be dismissed.

44. Plaintiff has failed to exhaust administrative remedies.

45. To the extent this action is brought for mental or emotional injury, plaintiff is barred from proceeding without a prior showing of physical injury.

46. To the extent plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending, pursuant to section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, plaintiff is or may not be entitled to any payment herein.

47. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes. Pursuant to section 808 of the Prison Reform Act of 1995, prior to payment of any compensatory damages to plaintiff, reasonable efforts shall be made to notify the victims of the crime for which plaintiff was convicted and incarcerated. Upon information and belief, plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or he should be barred from recovery.

48. The Answering Defendants hereby demand a trial by jury.

**WHEREFORE**, the Answering Defendants respectfully ask that this Court deny the relief requested, dismiss the Complaint, and grant such other relief as to the Court shall seem is just and equitable.

Dated: Albany, New York
November 18, 2022

LETITIA JAMES
Attorney General of the State of New York
Attorney for the Defendants
The Capitol
Albany, New York 12224


By: *s/ Anthony Huntley*
Anthony R. Huntley
Assistant Attorney General, of Counsel
Bar Roll No.   703953
Telephone: (518) 776-2578
Email: Anthony.huntley@ag.ny.gov


TO:   **Katherine R. Rosenfeld**
Emery Celli Brinckerhoff, Abady, Ward & Maazel LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
212-763-5000
Email: krosenfeld@ecbawm.com

**VIA CM/ECF**


Noel Leon
Emery Celli Brinckerhoff Abady Ward & Maazel LLP
600 Fifth Avenue - 10th Floor
New York, NY 10020
212-763-5000
Fax: 212-763-5001
Email: nleon@ecbawm.com
**VIA CM/ECF**