UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ADAM BAUER,

                                       *Plaintiff*,

        -against-                        22-CV-1007

ANTONIO IODICE, NICHOLAS ANZALONE, ALFRED      GLS/ML
ZEINA, THOMAS MCNANEY,

                                       *Defendants*.

---

**MEMORANDUM OF LAW IN SUPPORT OF THE OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL'S MOTION TO WITHDRAW AS COUNSEL PURSUANT TO LOCAL RULE 11.1**

                                        LETITIA JAMES
                                        New York State Attorney General
                                        Attorney for Defendants Antonio Iodice,
                                            Alfred Zeina, Thomas McNaney, and
                                              Nicholas Anzalone
                                        The Capitol
                                        Albany, New York 12224

Olivia R. Cox
Assistant Attorney General, of Counsel
Bar Roll No. 703982
Telephone: 518-776-2607
Email: Olivia.Cox@ag.ny.gov

                                                                    Date: January 10, 2025

**Table of Contents**

BACKGROUND .................................................................................................................. 1

    OAG's Representation of Defendants ..................................................................... 1

    Death of Robert Brooks and OSI Investigation ...................................................... 1

    OAG Representation Review .................................................................................. 3

ARGUMENT ...................................................................................................................... 3

    A.    Good Cause Exists for Withdrawal of OAG as Counsel for Defendants ............................................................................................ 4

    B.    Withdrawal of Counsel Will Not Cause Undue Delay or Otherwise Prejudice the Parties ..................................................... 7

CONCLUSION ................................................................................................................... 8

## Table of Authorities

**Cases**                                                                                                                               **Page(s)**

*Douglas v. Sullivan*,
  1998 WL 173309 (N.D.N.Y. Mar. 18, 1998) ...................................................................................7

*Finkel v. Fraterrelli Brothers, Inc.*,
  2006 WL 8439497 (E.D.N.Y. Dec. 4, 2006) ...................................................................................3

*Greystone Staffing, Inc. v. Vicenzi & Winston Resources*,
  2004 WL 2952864 (Sup. Ct., Nassau Cty. Dec. 13, 2004).............................................................7

*Joiner v. Chartwells*,
   2006 WL 8446687 (D. Conn. June 2, 2006)...................................................................................7

*Jones v. Parmley*,
  2015 WL 13821160 (N.D.N.Y. Jan. 7, 2015)..................................................................................4

*Karimian v. Time Equities, Inc.*,
  2011 WL 1900092 (S.D.N.Y. May 11, 2011) ........................................................................3, 4, 8

*Lin v. Ronde*,
  2011 WL 13113711 (Sup. Ct., N.Y. Cty. Oct. 12, 2011) ...............................................................6

*Moolick v. Natwest Bank, N.A.*,
  1996 WL 411691 (S.D.N.Y. July 23, 1996)...................................................................................8

*Marciano v. DCH Auto Grp.*,
  2016 WL 11703590 (S.D.N.Y. Feb. 2, 2016).................................................................................8

*Roddy v. Nederlander Producing Co. of America, Inc.*,
  96 A.D. 3d 509 (1st Dep't 2012) ....................................................................................................4

*Sidor v. Zuhoski*,
  261 A.D.2d 529 (2d Dep't 1999)....................................................................................................6

*Stair v. Calhoun*,
  722 F. Supp. 2d 258 (E.D.N.Y. 2010) ...........................................................................................4

*Tavarez v. Hill*,
  23 Misc. 3d 377 (Sup. Ct. Bronx Cnty. 2009) ...............................................................................7

*U.S. v. Oberoi*,
  331 F. 3d 44 (2d Cir. 2003)............................................................................................................4

*Welch v. Niagara Falls Gazette*,
  2000 WL 1737947 (W.D.N.Y. Nov. 17, 2000) .............................................................................8

*Whiting v. Lacara*,
   187 F. 3d 317 (2d Cir. 1999)..................................................................................3, 4, 7

*Winkfield v. Kirschenbaum & Phillips, P.C.*,
   2013 WL 371673 (S.D.N.Y. Jan. 29, 2013) .......................................................................3

## State Statutes

Executive Law
   § 70-b ................................................................................................................................2

N.Y. Exec. Law
   § 70-b(1)............................................................................................................................2

N.Y. Pub. Off. Law
   § 17(2)................................................................................................................................1
   § 17(2)(b)...........................................................................................................................7

## State Regulations

22 N.Y.C.R.R.
   § 1200, et seq. ...................................................................................................................5

## Rules

Rule 1.7 ........................................................................................................................................5

Rule 1.7(a)(1)...............................................................................................................................5

Rule 1.7, Comment [8].................................................................................................................5

Rule 1.7, Comments.....................................................................................................................6

Rule 1.10 ......................................................................................................................................6

Rule 1.10(a)..................................................................................................................................5

Rule 1.10, Comment [1]...............................................................................................................6

Rule 11.1(b) of the Local Rules................................................................................................1, 3

Rules 1.7 and 1.10........................................................................................................................6

## Miscellaneous Authorities

https://www.timesunion.com/capitol/article/inmate-handcuffed-alleged-fatal-beating-
   officers-19990163.php (last visited Jan. 7, 2025)..............................................................2

The Office of the New York State Attorney General (OAG) respectfully submits this memorandum of law and the accompanying declaration of Assistant Attorney General William A. Scott in support of its motion to withdraw as counsel for Defendants, Antonio Iodice, Alfred Zeina, Thomas McNaney, and Nicholas Anzalone (Defendants), pursuant to Local Rule 11.1(b) of the Local Rules of Practice for the United States District Court for the Northern District of New York.

## BACKGROUND

**OAG's Representation of Defendants**

This action arises out of a use-of-force incident that occurred on February 20, 2020 inside the F-1 dormitory at Marcy Correctional Facility (Marcy). Complaint, ECF No. 1 (Compl.), ¶¶ 20-36. Plaintiff alleges, *inter alia*, that he was assaulted by Defendants which resulted in severe physical injuries. *Id.* ¶¶ 56, 63-65.

OAG, through its Litigation Bureau, defends eligible state employees in civil actions and proceedings in state and federal court arising out of any alleged act or omissions which occurred or is alleged to have occurred in the complaint while the employee was acting within the scope of his public employment or duties. *See* N.Y. Pub. Off. Law § 17(2). On October 5, 2022, OAG received copies of requests for representation from Defendants Iodice, Anzalone, and Zeina of the Department of Corrections and Community Supervision (DOCCS) in connection with the above-captioned action. On November 7, 2022, OAG received a request for representation from Defendant McNaney. On November 17, 2022, OAG, through its Litigation Bureau, appeared on behalf of Defendants in this action. *See* ECF. No. 5. OAG's Litigation Bureau has continuously represented Defendants in this matter up to the present.

**Death of Robert Brooks and OSI Investigation**

On December 10, 2024, Incarcerated Individual Robert Brooks died following a use of force at Marcy. Declaration of William A. Scott (Scott Decl.) ¶ 6. The use of force involved

1

numerous corrections sergeants and officers, including Nicholas Anzalone (collectively Marcy Employees). *See id*. ¶ 9. Nicholas Anzalone was suspended from duty, and the Governor and DOCCS announced their intention to terminate all employees involved.[1]

Executive Law § 70-b directs OAG's Office of Special Investigation (OSI) to investigate and, if warranted, prosecute any incident in which a police officer or a peace officer, as defined, has caused the death of a person by an act or omission, or in which there is a question whether such officer may have caused a death. Section 70-b further directs OSI, if warranted, to prosecute any criminal offense that the officer may have committed in connection with the incident. *See* N.Y. Exec. Law § 70-b(1).

On December 16, 2024, OAG announced that OSI opened an investigation into the use of force by corrections officers that preceded Mr. Brooks' death pursuant to its authority under Executive Law § 70-b. Scott Decl. ¶ 8. On December 20, 2024, media outlets reported the names of the employees allegedly involved in the incident as Sergeants Michael Mashaw and Glenn Trombley; Corrections Officers Michael Along, Nicholas Anzalone, Anthony Farina (who had reportedly resigned from DOCCS), Michael Fisher, Matthew Galliher, Robert Kessler, Nicholas Kieffer, David Kingsley, Shea Schoff, Christopher Walrath, and David Walters; and Nurse Kyle Dashnaw. *Id.* ¶ 9.

On December 21, 2024, OAG announced that OSI had obtained video of the incident involving Mr. Brooks but did not indicate which DOCCS employees were involved in the incident. *Id*. ¶ 10. On December 27, 2024, OAG released video footage from the incident involving Mr. Brooks and identified some of the officers involved in the incident. *Id.* ¶ 11. On January 2, 2025,

---

[1] https://www.timesunion.com/capitol/article/inmate-handcuffed-alleged-fatal-beating-officers-19990163.php (last visited Jan. 7, 2025).

OAG announced that OSI would recuse itself from further investigation into the incident due to its current representation of some of the Marcy Employees in other cases. *Id*. ¶ 12.

**OAG Representation Review**

The OAG's Litigation Bureau conducted a search of its records to determine if the Litigation Bureau was currently representing any of the employees allegedly involved in Mr. Brooks' death. *Id*. ¶ 13. The Bureau identified four cases pending in the Northern District of New York where it was representing one or more of the employees implicated in Mr. Brooks' death, including this case. *Id*. ¶ 14.

Although, the Litigation Bureau and OSI are two distinct components of OAG and the Bureau and OSI do not share cases or information (Scott Decl. ¶ 5), on January 3, 2025, OAG determined that continued representation of any of the Defendants by OAG would be in violation of an ethical rule, potentially prejudice the Defendants' position, and, therefore, is inappropriate. *Id*. ¶ 15.

## ARGUMENT

Local Rule 11.1(b) provides, "[a]n attorney who has appeared for a defendant shall thereafter withdraw only upon notice of a motion to withdraw as counsel for the defendant and all parties to the case and an order of the Court finding that good cause exists and granting leave to withdraw." L.R. 11.1(b). Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F. 2d 317, 320 (2d Cir. 1999)). A court considering whether to grant a motion to withdraw "must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Winkfield v. Kirschenbaum & Phillips, P.C.*, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013); *accord Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011).

While the decision to grant or deny a motion to withdraw as counsel is within the discretion of the Court, *see Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010), "where an attorney desires to withdraw from a case, he will in most cases be allowed to do so." *Karimian*, 2011 WL 1900092, at *3 ("[W]hat amounts to specific performance by an attorney has been required, but such cases are extremely rare") (quoting *Moolick v. Natwest Bank, N.A.*, 1996 WL 411691, at *2 (S.D.N.Y. July 23, 1996)). "Doubts as to the existence of a conflict of interest must be resolved in favor of disqualification." *Roddy v. Nederlander Producing Co. of America, Inc.*, 96 A.D. 3d 509, 509 (1st Dep't 2012) (collecting cases) (disqualifying attorney from concurrently representing defendants with competing interests in minimizing proportional share of damages).

Good cause exists requiring the withdrawal of OAG as Defendants' counsel, and such withdrawal will not cause undue delay or prejudice to the parties. Therefore, OAG's motion should be granted.

### A. Good Cause Exists for Withdrawal of OAG as Counsel for Defendants

"In determining whether good cause has been shown for withdrawal, federal courts look to the various codes of professional responsibility, although courts are not bound by the codes." *Jones v. Parmley*, 2015 WL 13821160, at *3 (N.D.N.Y. Jan. 7, 2015), *aff'd*, 714 F. App'x 42 (2d Cir. 2017) (citing *Whiting v. Lacara*, 187 F. 3d 317, 321 (2d Cir. 1999) (referring to the Code of Professional Responsibility to illustrate both mandatory and permissive situations for withdrawal as counsel)). Good cause exists for withdrawal where continued representation would cause a violation of New York's Rules of Professional Conduct. *U.S. v. Oberoi*, 331 F. 3d 44, 47-48 (2d Cir. 2003) ("[I]f forcing an attorney to continue representation will cause a violation of the Code of Professional Responsibility and possibly subject the attorney to sanctions, it will be an abuse of discretion not to grant the motion to withdraw."). The relevant Rules of Professional Conduct

4

require withdrawal of OAG as counsel for Defendants in this case. Therefore, there is good cause for withdrawal.

Specifically, Rule 1.7 provides that "a lawyer shall not represent a client if a reasonable lawyer would conclude that . . . the representation will involve the lawyer in representing differing interests." N.Y. Rules of Professional Conduct[2] (NYRPC) Rule 1.7(a)(1). "Differing interests exist if there is a significant risk that a lawyer's exercise of professional judgment in considering, recommending or carrying out an appropriate course of action for the client will be adversely affected or the representation would otherwise be materially limited by the lawyer's other responsibilities or interests." NYRPC Rule 1.7, Comment [8]. "The critical questions are the likelihood that a difference in interests will eventuate and, if it does, whether it will adversely affect the lawyer's professional judgment in considering alternatives or foreclosing courses of action that reasonably should be pursued on behalf of the client." *Id.*

Though brief, OSI's role investigating and obtaining and releasing information concerning Mr. Brook's death may be prejudicial to the interests of current OAG client, Nicholas Anzalone in this case. At the very least, these factual circumstances create the appearance of impropriety that mitigates against continuing to represent any of the Marcy Employees.

While OAG's Litigation Bureau and OSI are distinct from each other within OAG, that distinction is not necessarily relevant for the purposes of whether continued representation is appropriate. A lawyer associated with a firm may not knowingly represent a client when another lawyer in the same firm would be conflicted from doing so under these rules. NYRPC Rule 1.10(a). A "firm" includes lawyers employed in a government law office. NYRPC Rule 1.10, Comment [1].

---

[2] New York's Rules of Professional Conduct are promulgated at 22 N.Y.C.R.R. § 1200, et seq.

The comments to Rule 1.10 further state that: "The rule of imputed disqualification stated in paragraph (a) gives effect to the principle of loyalty to the client as it applies to lawyers who practice in a law firm. Such situations can be considered from the premise that a firm of lawyers is essentially one lawyer for purposes of the rules governing loyalty to the client, or from the premise that each lawyer is vicariously bound by the obligation of loyalty owed by each lawyer with whom the lawyer is associated." *Id.*, Comment [2].

Based on Rules 1.7 and 1.10, OAG cannot ethically continue representing the Defendants in this case. While only one of the four Defendants in this case was allegedly involved in the incident that led to the death of Mr. Brooks, OAG must be permitted to withdraw representation as to all four Defendants. At this stage of the litigation, confidential information has been shared between and among counsel and the jointly represented clients. Continuing to represent only some of the Defendants in this matter would necessarily raise ethical concerns about how counsel properly could, and could not, use that information going forward. *See* NYRPC Rule 1.7, Comments [30], [31]. Moreover, continued representation of some Defendants may create an impression of wrongdoing on the part of Defendant Anzalone by separating his representation from the other three Defendants. The case law in New York is definitive on this point. "[A]n attorney who undertakes the joint representation of two parties in a lawsuit [should] not continue as counsel for either one after an actual conflict of interest has arisen because continued representation of either or both parties would result in a violation of the ethical rule requiring an attorney to preserve a client's confidences or the rule requiring an attorney to represent a client zealously." *Sidor v. Zuhoski*, 261 A.D.2d 529, 530 (2d Dep't 1999) (internal quotation marks and citation omitted); *see also, e.g.*, *Lin v. Ronde*, 2011 WL 13113711, at *1 (Sup. Ct., N.Y. Cty. Oct. 12, 2011) ("Where it has been determined that counsel has a concurrent conflict of interest, it has

been held that the lawyer should be disqualified from representing both clients."); *Tavarez v. Hill*, 23 Misc. 3d 377, 778 (Sup. Ct. Bronx Cnty. 2009) ("When a conflict exists, counsel is thereafter disqualified from representing *anyone* in the action."); *Greystone Staffing, Inc. v. Vicenzi & Winston Resources*, 2004 WL 2952864, at *3 (Sup. Ct., Nassau Cty. Dec. 13, 2004) ("Once an actual conflict exists, the attorney is prohibited from representing any party in that action.").

As required by statute, OAG notified both the New York State Comptroller and Defendants that they are being certified to obtain outside joint counsel at state expense. *See* N.Y. Pub. Off. Law §17(2)(b); Scott Decl. ¶ 16. Therefore, all four Defendants will be represented by the same counsel to avoid any adverse impression created by separate counsel.

In light of the dictates of New York's Rules of Professional Responsibility, and the unique factual circumstances created by OSI's initial investigation into this matter that involved current individual clients of OAG, continued OAG representation of the Defendants would be inappropriate and good cause exists to grant counsel's motion to withdraw.

### B. Withdrawal of Counsel Will Not Cause Undue Delay or Otherwise Prejudice the Parties

Neither Plaintiff nor the Court will be prejudiced by defense counsel's withdrawal. Courts have recognized that "there are some instances in which an attorney representing a plaintiff in a civil case might have to withdraw even at the cost of significant interference with the trial court's management of its calendar." *Whiting*, 187 F.3d at 321. Although this case is deemed trial ready, this is not a scenario where counsel attempts to withdraw from the case on the "eve of trial." *See Joiner v. Chartwells*, 2006 WL 8446687, at *3 (D. Conn. June 2, 2006). The Court has not yet set a trial date in this matter, there have been no pre-trial filings, and this case has only been pending for just over two years. Thus, any potential delay will not prejudice Plaintiff or adversely affect the Court's docket. *Cf. Douglas v. Sullivan*, 1998 WL 173309, at *1 (N.D.N.Y. Mar. 18, 1998)

(denying counsel's motion to withdraw from the trial ready case where the matter had been pending for seven years and pre-trial submissions had been filed); *Welch v. Niagara Falls Gazette*, 2000 WL 1737947, at *3 (W.D.N.Y. Nov. 17, 2000) ("When a court denies an attorney leave to withdraw it is usually because the client's rights will be prejudiced by the delay necessitated in obtaining replacement counsel or because the court's trial calendar will be adversely affected."). The fact that the case is trial ready does not preclude the withdrawal of counsel where a conflict situation arises. *See e.g., Karimian*, 2011 WL 1900092, at *2 ("[S]trong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds for [an attorney's] withdrawal."); *Marciano v. DCH Auto Grp.*, 2016 WL 11703590, at *2 (S.D.N.Y. Feb. 2, 2016) (permitting attorney to withdraw due to "complete rupture" in attorney-client relationship). Once Defendants obtain substitute counsel OAG will take immediate steps to assist in the transition and to forward the case file to substitute counsel. *See Moolick*, 1996 WL 411691, at *3 ("The fact that a new lawyer would have to familiarize himself with the facts of that complex [ ] case . . . did not create sufficient prejudice to warrant denying the application."). Therefore, withdrawal of defense counsel in this action will not cause undue delay or prejudice to the parties.

## CONCLUSION

Based upon the foregoing reasons, OAG's motion to withdraw as counsel should be granted.

Dated: Albany, New York
January 10, 2025

        LETITIA JAMES
        New York State Attorney General
        Attorney for Defendants Antonio Iodice, Nicholas Anzalone, Alfred Zeina, and Thomas McNaney
        The Capitol
        Albany, New York 12224

        By: _____
        Olivia R. Cox
        Assistant Attorney General, of Counsel
        Bar Roll No. 703982
        Telephone: (518) 776-2607
        Email: Olivia.Cox@ag.ny.gov


TO:    Katherine Rosenfeld, Esq.
        Eric Abrams, Esq.
        Emery Celli Brinckerhoff Abady Ward & Maazel LLP
        600 Fifth Avenue, 10th Floor
        New York, NY 10020
        *(Via ECF)*

        Defendants
        (*via U.S. Postal Service/Email*)