# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

VASUDHA TALLA

ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
DANIEL M. EISENBERG
ARIADNE M. ELLSWORTH
SARA LUZ ESTELA
BIANCA HERLITZ-FERGUSON
LAURA S. KOKOTAILO
SONYA LEVITOVA
HAFSA S. MANSOOR
SANA MAYAT
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

January 13, 2025

**Via ECF**

Hon. Miroslav Lovric
United States District Court
Northern District of New York
15 Henry Street
Binghamton, NY 13901

      Re:    *Bauer v. Iodice et al*, No. 22 Civ. 01007 (N.D.N.Y.)

Dear Judge Lovric:

      This firm represents the Plaintiff Adam Bauer in the above-captioned matter. We write regarding the New York State Attorney General's ("NYAG") motion to withdraw as counsel for the four Defendants in this case, filed this past Friday, January 10, 2025. *See* ECF No. 56.

      Plaintiff intends to oppose the NYAG's motion. Preliminarily, we note that the NYAG failed to comply with this Court's Local Rules regarding non-dispositive motions, which state that "[a] court conference is a prerequisite to filing a non-dispositive motion before the assigned Magistrate Judge." Local Rule 7.1(a)(2).[1] Pursuant to Local Rule 7.1(a)(2), we respectfully request that the Court schedule a conference to discuss the NYAG's request to withdraw from representing the Defendants this case.

      Further, as the docket reflects, Plaintiff had been discussing settlement with the NYAG for many months prior to its motion to withdraw, the prior Assistant Attorney General assigned to the case had represented to the Court that he was working to obtain settlement authority, *see*

---

[1] As further required by the Local Rules, "[i]n the Notice of Motion, the moving party is required to set forth the date that the court conference with the Magistrate Judge was held regarding the issues being presented in the motion. Failure to include this information in the Notice of Motion may result in the Court rejecting the motion papers." Local Rule 7.1(a)(2).

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

ECF No. 56, and this case is otherwise trial ready. For these additional reasons, and as Judge Suddaby had recently suggested in requesting the parties' availability for a court conference on either January 28 or January 29, Plaintiff believes that a court conference is warranted prior to any briefing on the NYAG's motion to withdraw.

Absent a court conference setting a briefing schedule on the NYAG's motion, Plaintiff will oppose the motion within 21 days per Local Rule 7.1(a)(2). As Plaintiff intends to argue, the NYAG does not have good cause for withdrawal due to an alleged ethical conflict stemming from its brief investigation into the death of Robert Brooks at Marcy Correctional Facility, and NYAG's withdrawal would be extremely prejudicial to Plaintiff at this late stage. As its motion concedes, NYAG has already recused itself from the criminal investigation into Mr. Brooks' death precisely *because* it was representing some of those officers in civil cases, including in this very action, vitiating any supposed conflict. In addition, the NYAG seeks to recuse itself from representing all four Defendants in this case, although only one of the Defendants (Defendant Nicholas Anzalone) was involved in the use of force causing Mr. Brooks' death. The NYAG's motion also concedes that the Office of the Attorney General's Litigation Bureau and the Office of Special Investigation ("OSI") are distinct from each other, and do not share information or cases, yet suggests that it may withdraw from this case at the eleventh-hour solely because OSI investigated one of the Defendants for two weeks in December 2024. This assertion is unsupported, and its logic would allow the NYAG to withdraw from any number of pending cases, since OSI's 2024 Annual Report states that it investigated 136 deaths in DOCCS custody in the period covered by that report.[2] For all these reasons, Plaintiff will argue, no "good cause" exists for the NYAG's abandonment of the defense of Defendants at this juncture.

In accordance with Local Rule 7.1(a)(2), we respectfully request a conference to discuss these matters with the Court.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/

Katherine Rosenfeld
Eric Abrams
EMERY CELLI BRINCKERHOFF,
ABADY, WARD & MAAZEL LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
212-763-5000

c. All counsel of record

---

[2] Office of the New York State Attorney General Letitia James, Office of Special Investigation, *Office of Special Investigation Fourth Annual Report* at 44-45 (Oct. 1, 2024), https://ag.ny.gov/sites/default/files/reports/20241001-annual-report.pdf.