UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM BAUER,<br><br>                                                  Plaintiff,<br><br>– against –<br><br>ANTONIO IODICE, NICHOLAS ANZALONE, ALFRED ZEINA, & THOMAS McNANEY,<br><br>                                                  Defendants. | **STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL**<br><br>9:22-CV-1007<br>GTS/ML |

STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL (Settlement Agreement) is made by and between Plaintiff ADAM BAUER (Plaintiff) and Defendants ANTONIO IODICE, NICHOLAS ANZALONE, ALFRED ZEINA, and THOMAS McNANEY (Defendants) (Plaintiff and Defendants, collectively, the Parties):

WHEREAS, Plaintiff commenced the above-captioned action by filing a Complaint on or about September 23, 2022 (ECF No. 1), alleging claims pursuant to 42 U.S.C. § 1983; and

WHEREAS, the claims and allegations asserted in the above-captioned action, together with all related filings and proceedings, constitute "the Action"; and

WHEREAS, Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

WHEREAS, the Parties desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action;

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, the Parties hereby stipulate and agree, and the Court orders, as follows:

1. **Dismissal of the Action with Prejudice.** The Action and all claims asserted therein are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amount specified in Paragraph 2 of this Settlement Agreement.

2. **Payment to Plaintiff.** For and in consideration of Plaintiff's execution of this Settlement Agreement, their agreement to be bound by its terms, and their undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice, the dismissal of the claim pending in the New York State Court of Claims (*Bauer v. State*, Claim No. 137002) with prejudice, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth in Paragraphs 5, 6, and 8 herein, the state of New York, on behalf of Defendants, shall pay the total sum of Three Hundred Seventy-Five Thousand Dollars and 00/100 Cents ($375,000.00) in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages. The foregoing payment shall be made payable to "Emery Celli Brinckerhoff Abady Ward & Maazel LLP as Attorneys for Adam Bauer" and mailed to his Counsel at Emery Celli Brinckerhoff Abady Ward & Maazel LLP, One Rockefeller Center, 8th Floor, New York, New York 10020.

3. **State Approval of Payments.** Payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate state officials in accordance with N.Y. Pub. Off. Law § 17. Plaintiff and Plaintiff's attorneys agree

to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment including, but not limited to, Plaintiff's Affirmation of Medicare Status as set forth in Paragraph 7 of this Settlement Agreement.

4. **Accrual of Interest.** In the event that payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the New York State Attorney General (OAG) of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt by OAG of all documentation required under Paragraphs 3 and 7 of this Settlement Agreement. However, if the provisions of N.Y. Exec. Law § 632-a apply to Plaintiff and the payment to Plaintiff of any amount(s) specified in Paragraph 2 of this Settlement Agreement constitutes "funds of a convicted person" under the Son of Sam Law, the one hundred and twenty (120) day period shall be extended by an additional thirty (30) days to allow for compliance with that law.

5. **Responsibility for Taxes.** It is understood and agreed that any taxes, or interest or penalties on taxes, which may attach to the payment(s) specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendants or the state of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official

capacity) on account of such taxes, interest, or penalties. Plaintiff agrees that they will defend, indemnify, and hold harmless Defendants and the state of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

      **6.**      **Responsibility for Liens and Setoffs.** It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support liens) which may attach to the payment(s) specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendants or the state of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest, or penalties. Plaintiff agrees that they will defend, indemnify, and hold harmless Defendants and the state of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or recoupments.

7. **Medicare Certification.** Plaintiff represents and warrants that they are not currently a Medicare recipient and/or Medicare eligible, have never been on Medicare or Social Security Disability Insurance, that no conditional payments have been made on their behalf by Medicare, and further that they do not expect to be Medicare eligible and/or a Medicare recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff agrees to deliver a fully executed Affirmation of Medicare Status in the form annexed hereto as Exhibit A (Medicare Affirmation) to OAG. Plaintiff acknowledges and understands that receipt of a fully executed Medicare Affirmation by OAG, together with any required supporting documentation, is a prerequisite to payment of the settlement amount(s) referenced in Paragraph 2 herein, and falls within the category of "other documentation" and "required documentation" described in Paragraphs 3, 4, and 8 of this Settlement Agreement.

8. **Responsibility for Medicare Payments or Medicare Liens.** Plaintiff agrees to defend, indemnify, and hold harmless Defendants and the state of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) for any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, Defendants and the state of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the settlement amount(s) specified in Paragraph 2 of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 3 and 7, payment of the settlement amounts specified in Paragraph 2 of this Settlement Agreement shall be made in accordance with the terms set forth

herein.

9.      **General Release.** For and in consideration of the payment of the settlement amount(s) referenced in Paragraph 2 of this Settlement Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of themself, their heirs, executors, administrators, successors, and assigns (collectively, the Releasing Parties), hereby releases and forever discharges Defendants, New York State Department of Corrections and Community Supervision, and the state of New York, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, the Released Parties) from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action; or any other claims, causes of action, rights, or administrative charges for relief, whether for moneys owed, equitable relief, costs, fees, or other expenses, including attorneys' fees.

Plaintiff is not waiving or releasing any nonwaivable statutory protections, or waiving or releasing any claims that may arise after execution of this Settlement Agreement. Plaintiff is also not waiving or releasing any claims under New York Military Law; any claims under N.Y. Labor Law §§ 220 to 224; or any unemployment benefit rights under the New York Unemployment

Insurance Law. Additionally, nothing in this General Release prohibits Plaintiff from speaking with a law enforcement agency, the Equal Employment Opportunity Commission, the New York State Division of Human Rights, a local commission on human rights, or an attorney retained by an employee or potential employee, or testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

10. **No Other Action or Proceeding.** Other than the Action and the claim pending in the New York State Court of Claims (*Bauer v. State*, Claim No. 137002), which Plaintiff agrees to discontinue with prejudice, Plaintiff represents that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on their own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement.

11. **Waiver of Attorneys' Liens.** The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

12. **No Other Attorneys.** Plaintiff represents and warrants that, besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

13. **No Prevailing Party.** Neither Plaintiff nor Defendants shall be deemed a

"prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

14. **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Agreement and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in the Action or as constituting any admission of wrongdoing or liability on the part of Defendants or the state of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, practice, or custom of Defendants or the state of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

15. **No Precedential Value.** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendants or the state of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from

defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

16. **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

17. **Voluntary Agreement.** Plaintiff represents that they have carefully read and fully understand all provisions of this Settlement Agreement, including the General Release. Plaintiff represents that they have executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that they understand its terms, contents, and effect. Plaintiff acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

18. **Negotiated Agreement.** The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

19. **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

20. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto,

whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

21.    **Headings.** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

22.    **Counterparts.** This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

23.    **Submission to the Court.** This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated:    September 16, 2025

_[signature: Adam jeffery bauer (Sep 16, 2025 14:35:12 EDT)]_
Adam Bauer

Dated:    September 16, 2025
          New York, New York

EMERY CELLI ABADY BRINCKERHOFF WARD & MAAZEL LLP

By: _[signature]_
Katherine Rosenfeld, Esq.
*Attorney for Plaintiff*
One Rockefeller Plaza, 8th Floor
New York, New York 10020
P: (212) 763-5000
krosenfeld@ecbawm.com

Dated: September 17, 2025  
      Albany, New York

LETITIA JAMES  
New York State Attorney General  
*Attorney for Defendants*  
The Capitol  
Albany, New York 12224

By: _____  
    Digitally signed by Olivia Cox  
    Date: 2025.09.17 10:01:37 -04'00'

Olivia R. Cox  
Assistant Attorney General  
Telephone: (518) 776-2607  
Fax: (518) 915-7738  
Email: Olivia.Cox@ag.ny.gov

Dated: September 22, 2025  
      Syracuse, New York

SO ORDERED:

_____  
Glenn T. Suddaby  
U.S. District Judge

Page 11 of 18

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ADAM BAUER,

                              Plaintiff,

– against –

ANTONIO IODICE, NICHOLAS ANZALONE,
ALFRED ZEINA, & THOMAS McNANEY,

                              Defendants.

**AFFIRMATION OF MEDICARE STATUS**

9:22-CV-1007
GTS/ML

ADAM BAUER, affirms under penalty of perjury:

1. I am the Plaintiff in the above-captioned action (Action).

2. I submit this affirmation on personal knowledge as the Plaintiff. I am aware that it will be relied upon by the Office of the New York State Attorney General (OAG) in connection with the settlement of or the judgment in the Action as it relates to the OAG's obligations concerning Medicare compliance pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 (MMSEA) and the Medicare Secondary Payer Act (MSP).

3. I understand that a query has been or will be made pursuant to Section 111 of the MMSEA, 42 U.S.C. § 1395y(b)(8), to verify my Medicare status due to the injuries alleged in the Action.

4. I acknowledge and understand that pursuant to the MMSEA and MSP and as mandated by the U.S. Centers for Medicare and Medicaid Services rules and regulations, I am, as Plaintiff, required to:

    a. reimburse Medicare from the proceeds of the settlement or judgment in the Action for conditional payments Medicare has made for treatment of my alleged in the Action; and

    b. use the settlement or judgment proceeds in the Action to pay for my future medical expenses, when those expenses are for care or treatment related to the injuries alleged in the Action.

5. I further acknowledge that the information provided herein will be relied upon by the OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the MMSEA and MSP as deemed necessary and/or required by the OAG.

6. I agree to promptly provide OAG with any and all information necessary and required for its reporting pursuant to Section 111 of the MMSEA and MSP.

## PEDIGREE INFORMATION

7. I have been known by the following names (include all alias name[s], and/or former name[s]): _____. I acknowledge that I may be or was identified by this/these name(s) and all these names do, indeed, refer to me.

8. I consent to OAG verifying my Medicare status for purposes of OAG's compliance with Section 111 of the MMSEA and MSP.

9. I affirm that:

   a. The Injured Party's social security number is: _____

   b. The Injured Party's date of birth is _____

   c. The Injured Party's gender is _____

   d. If the Injured Party has a Fiduciary, the Fiduciary's mailing address is
      _____

   e. If the Injured Party has a Fiduciary, the Fiduciary's telephone number is
      _____

## CURRENT MEDICARE STATUS

*Please initial next to the statements below that apply to your/injured party's current Medicare status.*

10. As of the effective date of the settlement or judgment in the Action:

    a. _____ I am not currently receiving, nor have I ever received Medicare coverage and/or benefits, including coverage or benefits under Medicare Part A (Hospital Insurance), Part B (Medical Insurance), Part C (Medicare Advantage), and Part D (Prescription Drug Coverage) (hereinafter Medicare).

**OR**

11. As of the effective date of the settlement or judgment in the Action:

    a. _____ I am a Medicare beneficiary. My Medicare number is _____. I am aware of my obligation to reimburse Medicare, including any Medicare Part C and Part D Plans, for payments and/or benefits that I received directly or indirectly from Medicare for medical treatment of expenses for injuries that were alleged in the Action. I understand that reimbursement directly to Medicare may be made from the proceeds I receive from the settlement or judgment in the Action; and, with respect to

  i. _____ Medicare (Part A and Part B) has confirmed that no payment is due and owing from the proceeds of the settlement or judgment in the Action. **Attached is a copy of the Medicare Conditional Payment letter and/or Final Demand Letter regarding Medicare Parts A and B.**

  ii. _____ Medicare (Part C and Part D), if applicable, have confirmed that no payment is due and owing from the proceeds of the settlement or the judgment in the Action. **Attached is a copy of the Medicare Lien Letter regarding Medicare Part C and Part D, if applicable.**

  iii. _____ Medicare (Part A and Part B) has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the proceeds of the settlement or the judgment in the Action. **Attached is a copy of the Medicare Conditional Payment Letter and/or Final Demand Letter regarding Medicare Parts A and B.**

  iv. _____ Medicare (Part C and Part D) have confirmed that it/they will accept the total amount of $_____ (for Medicare Part C) and $_____ (for Medicare Part D) as full and final reimbursement of all Medicare payments made to date under Medicare Part C and Medicare Part D. In accordance with the attached Medicare Lien Letter(s), I consent to the payment of these sums in a total of $_____ directly from the proceeds of the settlement or the judgment in the Action in reimbursement to the provider(s) of my Medicare Part C and Part D benefits. **Attached is a copy of the Medicare Lien Letter regarding Medicare Parts C and D, as applicable.**

  v. _____ I am awaiting a Conditional Payment Letter and/or Final Demand Letter from Medicare. Upon receipt, I will promptly provide it to the assigned AAG and to OAG's Medicare Compliance Officer by email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me/on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the settlement or judgment in the Action prior to OAG's receipt of all necessary documentation from me issued by Medicare. In accordance with the Medicare Conditional Payment Letter and/or Final Demand, I consent to the payment, directly from the proceeds of the settlement or judgment in the Action, of the sum stated in the Medicare Conditional Payment Letter and/or Final Demand as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

12. _____ I am an incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision, and treatment for injuries that are alleged in the action has been provided by or through the Department of Corrections and Community Supervision.

**FUTURE MEDICARE STATUS**

*Please initial next to the statements below that apply to your/Injured Party's future Medicare status.*

13. As of the effective date of the settlement or judgment in the Action:

    a. _____ I am not Medicare eligible and have no reasonable expectation of becoming Medicare eligible within 30 months of the effective settlement or judgment date in the Action because (check *all* subparagraphs that apply):

        i. _____ I have not applied for social security disability (SSDI):

        ii. _____ I have not been denied SSDI and anticipating appealing that decision;

        iii. _____ I am not in the process of appealing or re-filing for SSDI;

        iv. _____ I am not 62.5 years or older; and

        v. _____ I do not have End Stage Renal Disease (a qualifying condition for Medicare).

**OR**

14. As of the effective date of the settlement or judgment in the Action:

    a. _____ I am not a Medicare beneficiary and have no reasonable expectation of becoming a Medicare beneficiary within 30 months of the effective settlement or judgment date in the Action because I do not reasonably expect my current incarceration to end within 30 months.

**OR**

15. As of the effective date of the settlement or judgment in the Action:

    a. _____ I am not a Medicare beneficiary; **however,** I do anticipate that I will become a Medicare beneficiary within 30 months of the effective settlement or judgment date in the Action; and

        i. _____ I do **not** require any future treatment for injuries that are alleged in the Action. The required attached physician certification confirms that there is no anticipated future treatment required for the injuries alleged in the Action. **Attached is a copy of the Physician Certification.**

**OR**

        ii. _____ I do require future treatment for the injuries that are the subject of the Action. In accordance with the attached Medicare Set-Aside Trust (MSA), I consent to the payment of $_____, payable to _____ from the total proceeds of the settlement or judgment in the Action. I affirm this sum will be

    used for my future medical expenses relating to the injuries alleged in the Action. **Attached is a copy of the MSA Trust.**

**OR**

    iii. _____ I have not sought treatment for the injuries alleged in the Action and, as such, there are no medical expenses relating to the injuries alleged. Furthermore, I do not anticipate seeking medical treatment for the injuries alleged in the Action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the settlement or judgment in the Action to pay for any medical expenses relating to such injuries.

16. As of the effective date of the settlement or judgment in the Action:

  a. _____ I am a Medicare beneficiary; and

    i. _____ I do not require any future treatment for injuries that are alleged in the Action. The required attached physician certification confirms that no anticipated future treatment is required for the injuries that are alleged in the Action. **Attached is a copy of the Physician Certification.**

**OR**

    ii. _____ I do require future treatment for the injuries that are alleged in the Action. In accordance with the attached Medicare Set-Aside Trust (MSA), I consent to the payment of $_____, payable to _____ from the total proceeds of the settlement or judgment in the Action. I affirm this sum will be used for my future medical expenses relating to the injuries alleged in the Action. **Attached is a copy of the MSA Trust.**

**OR**

    iii. _____ I have not sought treatment for the injuries alleged in the Action and, as such, there are no medical expenses relating to the injuries alleged. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in the Action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the settlement or the judgment in the Action to pay for any medical expenses relating to such injuries.

**OR**

    iv. _____I am incarcerated by the New York State Department of Correctional Services. I receive my medical care and treatment from the Department of Corrections and Community Supervision. Because I do not reasonably expect my current incarceration to end within 30 months of the effective date of the

settlement or judgment in this Action, I Party have no reasonable expectation of becoming a Medicare beneficiary within 30 months of the effective date of settlement or judgment in this Action.

I affirm under the penalties of perjury under the laws of New York or under the laws of the United States pursuant to 28 U.S.C. 1746, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: _____, New York

_____
Month, Day, Year

_____
ADAM BAUER

# Bauer - Settlement Agreement

Final Audit Report                                         2025-09-16

| | |
|---|---|
| Created: | 2025-09-16 |
| By: | Eric Abrams (eabrams@ecbawm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAHX2NIhFVgUDipVtIA73p_176VCLmISwM |

## "Bauer - Settlement Agreement" History

- Document created by Eric Abrams (eabrams@ecbawm.com)
  2025-09-16 - 5:01:36 PM GMT

- Document emailed to atombower1973@gmail.com for signature
  2025-09-16 - 5:01:40 PM GMT

- Email viewed by atombower1973@gmail.com
  2025-09-16 - 6:22:23 PM GMT

- Signer atombower1973@gmail.com entered name at signing as Adam jeffery bauer
  2025-09-16 - 6:35:10 PM GMT

- Document e-signed by Adam jeffery bauer (atombower1973@gmail.com)
  Signature Date: 2025-09-16 - 6:35:12 PM GMT - Time Source: server

- Agreement completed.
  2025-09-16 - 6:35:12 PM GMT

Adobe Acrobat Sign